NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1951
_____

MICHAEL ELLIS,
                              Appellant

v.

CITY OF PITTSBURGH, Municipality, Government Entity; LUKE RAVENSTAHL,
Mayor of Pittsburgh; DANIEL D. REGAN, City of Pittsburgh Solicitor;
MICHAEL HUSS, The City of Pittsburgh, Public Safety Director; NATHAN HARPER,
Chief of Police; REGINA MCDONALD, Acting Chief of Police; GEORGE T.
TROSKY, Assistant Chief of Police; MAURITA BRYANT, Assistant Chief of Police;
SGT. VOLLBERG, City of Pittsburgh Police Sergeant; SGT. CAPLAN, City of
Pittsburgh Police Sergeant; KATHY DEGLER, City of Pittsburgh Commander - Police
Officer; OFFICER MATTHEW WHITE, City of Pittsburgh Police, Community
Relations Officer; JEFFREY W. LABELLA, City of Pittsburgh Police Officer, Indv. &
Entity; ELIZABETH VITALBO, City of Pittsburgh Police Officer, Indv. & Entity;
KEVIN WALTERS, City of Pittsburgh Police Officer; MORTON B. WAVERLY, City
of Pittsburgh Police Officer; HENRY A. ROGOWSKI, MPO, City of Pittsburgh Police
Officer; MONTICELLI, City of Pittsburgh Police Officer (3420); CITY OF
PITTSBURGH POLICE OFFICERS, of Units: 341K, 3412, & 3428; DARLENE
HARRIS, Council President, District 1; THERESA KAIL-SMITH, Councilwoman,
District 2; BRUCE KRAUS, Councilman, District 3; NATALIA RUDIAK,
Councilwoman, District 4; COREY O'CONNOR, Councilman, District 5; DANIELLE R.
LAVELLE, Councilman, District 6; DEBORAH GROSS, Councilwoman, District 7;
WILLIAM PEDUTO, Councilman/Mayor Elect, District 8; RICKY BURGESS,
Councilman, District 9 - Individually & in Official Professional Capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-14-cv-00004)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

July 1, 2016

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: July 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

Michael Ellis appeals, proceeding pro se, from the judgment of the United States District Court entered in favor of defendants in his civil rights lawsuit. We will affirm the District Court's judgment.

Ellis sued the City of Pittsburgh and a number of its officials and police officers for the way he was treated following a traffic accident that resulted in his arrest. Ellis alleged in his amended complaint that police officers employed excessive force against him in the course of a "traffic stop" in December 2011 (Defendants clarified in their motion to dismiss that Ellis fled (by car) after being pulled over by Officers Elizabeth Vitalbo and Jeffrey W. Labella, and that he "eventually came to a stop by crashing into a tree."). According to the complaint, Ellis "was trapped in his vehicle by the air bags which had deployed, and [Labella] then broke the front passenger door window, grabbed [Ellis], pulled him out the window, and slammed him on the ground face first." Amended Cmplt., Dkt. #56 at ¶ 39. He alleged that Labella and Vitalbo then beat him,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

cuffed him, stomped on him, called him racial slurs, threatened to kill him, and then finally took him to the hospital. Id. Ellis alleged that the assault caused a "punctured lung, multiple broken bones," "facial disfigurement" and "permanent scarring." Id. at ¶¶ 40-41; see also ¶¶ 35-36. The Defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted. The District Court granted the motion in part, and dismissed all claims in the complaint against all defendants, except for excessive force claims against police officers Labella and Vitalbo. Following trial, the jury found for the Defendants, and the District Court entered judgment in those officers' favor. The Court also denied Ellis's motion for a new trial. Ellis timely appealed.

We have jurisdiction to review the District Court's final judgment under 28 U.S.C. § 1291. Ellis brings challenges referencing several stages of the proceedings in the District Court. First, he challenges the dismissal of the City of Pittsburgh. As noted, the District Court dismissed the City for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6); we thus exercise plenary review. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). We agree with the District Court that Ellis's amended complaint failed to identify any official policy that led to his injuries. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978).[1]

---

[1] Ellis claims he has "newly discovered evidence," apparently referring to evidence at trial, that official policies led to his injuries—he claims that police officers are trained to knee a suspect in the back while handcuffing him, and that Officer Labella did so with enough force to break his scapula. But he does not point to any evidence showing that police officers are trained to knee a suspect with sufficient force to break a bone or cause

3

Second, Ellis complains that he was not afforded all the discovery that he sought. We hold that the District Court did not abuse its discretion in denying Ellis's discovery requests, because the Defendants adequately answered his discovery requests. See Eisai, Inc. v. Sanofi Aventis U.S., LLC, --F.3d--, No. 14-2017, 2016 WL 2600321, at *4 (3d Cir. May 4, 2016) (setting forth standard of review).

Third, Ellis argues that the jury selection process was discriminatory. In particular, he appears to argue that the Western District's jury selection plan is inherently discriminatory, as there were not sufficient numbers of African-Americans in the jury pool. We have previously approved the Western District's jury selection plan, see United States v. Weaver, 267 F.3d 231, 237, 244-45 (3d Cir. 2001), and even if Ellis had shown that the plan results in an underrepresentation of African-Americans, he has not pointed to any evidence in the record showing that such underrepresentation "is due to systematic exclusion in the jury selection process." Id. at 244.[2]

Ellis's remaining claims relate to the trial itself and his post-trial motions. Ellis has waived any challenge to the sufficiency of the evidence, as he did not filed a pre-verdict motion for judgment as a matter of law, under Fed. R. Civ. P. 50(a). And his

---

any other injury. In fact, witness Officer William Vollberg testified that once the cuffs are on, officers are trained to "get off their back, to prevent any type of injury or asphyxia." N.T. Day 2, p. 75. To the extent Ellis claims this evidence warranted a new trial, we disagree.

[2] To the extent he raises a claim based on Batson v. Kentucky, 476 U.S. 79 (1986), his claim is without merit, as it does not appear that any African-Americans were the subject of peremptory challenges. See N.T. Day 1, pp. 59-60; see also Hernandez v. New York,

post-verdict motion, to the extent it was filed under Rule 50(b), was a nullity, since a Rule 50(b) motion is one to "renew" a prior Rule 50(a) motion. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).

To the extent Ellis's post-judgment motion was one for a new trial under Fed. R. Civ. P. 59(a), we review the District Court's order denying that motion for abuse of discretion unless the District Court's decision is based on the application of a legal precept, in which case our review is plenary. See Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007). We have held that where "the probative evidence in [a party's] favor as contrasted with that opposed is overwhelming," that party may ask the District Court to reweigh the evidence and grant a new trial. Greenleaf v. Garlock, Inc., 174 F.3d 352, 365 (3d Cir. 1999). This is not such a case. Ellis testified that the police violently kneed him in the back and kicked him in the face and ribs, resulting in broken bones and facial scarring. The police officers testified that the only force used was that necessary to extract Ellis from an unstable, crashed car, and to put handcuffs on him, and that they did not violently knee him or kick him at all. Also, the parties all agree that Ellis was in a very serious accident; thus, the injuries could have been from the accident. There is not "overwhelming evidence" that the police officers used excessive force in the incident, so the District Court's decision to deny the motion for a new trial is not an abuse of discretion. See Marra v. Phila. Hous. Auth., 497 F.3d 286, 309 n.18 (3d Cir. 2007) (new trial because verdict was against weight of evidence is "proper only when the record

500 U.S. 352, 358-59 (1991) (explaining the three-step analysis under Batson).

shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience" (quoting Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991)).

We also find that the District Court did not abuse its discretion in denying a new trial based on the fact that the Defendants' attorney mentioned Ellis's prior DUI convictions. Although Ellis says that the prior convictions were mentioned several times, only one of the page citations he provides contains a mention of his criminal record. N.T. Day 1, pp. 94-95. The remark was made during the Defendants' opening statement. The District Court immediately sustained Ellis's objection and instructed the jury that it was not relevant whether Ellis had been arrested before. Id. at 95. The District Court also instructed the jury later that it was not to consider an attorney's statement as evidence and was not to consider any evidence for which an objection had been sustained. N.T. Day 2, pp. 113-14. The attorney's brief comments, followed by a curative instruction, did not warrant a new trial. See United States v. Self, 681 F.3d 190, 199 (3d Cir. 2012).

For the foregoing reasons, we will affirm the District Court's judgment.[3]

---

[3] Ellis also raises a claim that the police officers committed perjury at trial. It does not appear that Ellis raised that issue in the District Court, so we need not address it. See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010). But in any event, simple disagreement with a witness' testimony, or inconsistencies in his or her testimony, do not support a finding of perjury. See Montano v. City of Chicago, 535 F.3d 558, 564 (7th Cir. 2008).